# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

RICHARD A. WESTON, SR.

                        Plaintiff,

    v.                                                6:12-CV-1893 (MAD/ATB)

DAN PATRICK SULLIVAN, et al.,

                        Defendants .

RICHARD A. WESTON
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## DECISION and ORDER

**I.    Background**

Plaintiff filed the original complaint in this action on December 28, 2012, together with a motion for leave to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. (Dkt. Nos. 1-2). After reviewing the complaint and the two motions, I ordered plaintiff to either pay the filing fee or submit additional information to the court regarding his finances for purposes of the IFP motion. (Dkt. No. 5). In the alternative, I gave plaintiff the opportunity to pay the filing fee. (*Id.*) I also gave plaintiff the opportunity to file an amended complaint, clarifying his constitutional claims. (*Id.*)

On January 22, 2013, plaintiff paid the filing fee as an alternative to submitting the additional financial information, and he was granted an extension of time to file the amended complaint. (Dkt. Nos. 6 & Text Order dated 1/3/13). On February 22,

2013, plaintiff filed his amended complaint, and the clerk has sent it to me for my review, pursuant to my January 3, 2013 order. (Dkt. Nos. 5, 7).

**II.   Complaint and Amended Complaint**

    **A.   Original Complaint**

Plaintiff's original complaint seemed to allege that he was denied the ability to obtain a "concealed carry" pistol permit for improper reasons. Plaintiff alleged that he sold a .380 pistol on August 24, 2011. (Complaint ("Compl.") ¶ 4; Facts) (Dkt. No. 1). Plaintiff stated that he went to get an amendment to his pistol license and spoke with defendant John Doe. (*Id.*) Defendant Doe told plaintiff that for twenty dollars, his license would be updated, but when plaintiff requested a "concealed carry" permit, defendant Doe told him "[i]n an unbelievable tirade," that "no cc are issued under any circumstances." (*Id.*) Plaintiff alleged that after he tried repeatedly to "clear up" the matter, defendant Doe threatened that he "would have busted [him] on 4 felony stops." Plaintiff stated that as he was leaving the office he "noticed" defendant Dan Sullivan[1] seated by the inside entrance of the office. (*Id.*)

Plaintiff then listed his "Causes of Action" in the original complaint. These "Causes of Action" alleged that defendant Doe's "racial statements" and his misconduct "must be challenged." (Compl. ¶ 5). Plaintiff claimed that "all" his

---

[1] Plaintiff stated in his recitation of the facts that defendant Doe referred to defendant Sullivan as his "boss" several times. (Compl. ¶ 4).

2

character references received a "cc" after the 2008 Supreme Court ruling.[2] Plaintiff's second cause of action stated that his due process rights were violated, together with his right to "equal treatment" and his right to be free from unfair treatment or discrimination. (Compl. ¶ 5; Second Cause of Action). In his third cause of action, plaintiff claimed that John Doe told plaintiff that his "boss . . . (Mr. Sullivan)" did not issue concealed carry permits. (Compl. ¶ 5; Third Cause of Action). However, plaintiff alleged that he determined this was not true. (*Id.*) Plaintiff claimed that defendant Doe's behavior was a violation of city, county, and state codes of conduct. (*Id.*)

**B.    Court's January 3, 2013 Order**

In my January 3, 2013 Order, reading the plaintiff's complaint with great liberality, I found that plaintiff could have been trying to state a due process as well as an equal protection claim. (Dkt. No. 5 at 5-6). I also pointed out that the only named defendant, "Dan Sullivan" appeared only to have been seen sitting by the side entrance of the office when plaintiff was speaking with John Doe, presumably overhearing the conversation. The only conduct attributable to Mr. Sullivan was that defendant Doe told plaintiff that his boss ("Dan Sullivan") did not issue concealed

---

[2] The court assumed that plaintiff was referring to *District of Columbia v. Heller*, 554 U.S. 570 (2008), in which the Supreme Court stuck down a District of Columbia statute banning handguns and providing that firearms kept in the home be kept nonfunctional even when necessary for self-defense.

3

carry permits. (Compl. ¶ 5; Third Cause of Action). The only statement attributed to defendant John Doe was that he "would have busted [plaintiff] on 4 felony stops." In my January 3, 2013 order, I noted that a plaintiff must allege a defendant's direct or personal involvement in the alleged constitutional deprivations.[3] *Farrell v. Burke*, 449 F.3d 470, 474 (2d Cir. 2006).

Because plaintiff's allegations were unclear, I afforded him the opportunity to amend his complaint to be more specific in his claims. Plaintiff claimed that John Doe's "racial statements and misconduct" must be challenged. However, verbal abuse, including threatening language and gestures, does not amount to a constitutional violation. *Bender v. City of New York*, No. 09 Civ. 3286, 2011 WL 4344203, at *8 (S.D.N.Y. Sept. 14, 2011) (citing *Smith v. Fields*, No. 95 Civ. 8374, 2002 WL 342620, at *5 (S.D.N.Y. March 4, 2002)); *La Grande v. Town of Bethlehem Police Dep't*, No. 1:08-CV-738, 2009 WL 2868231, at *3 (N.D.N.Y. Sept. 1, 2009) (citations omitted); *Gill v. Hoadley*, 261 F. Supp. 2d 113, 129 (N.D.N.Y. 2003).

### C. The Amended Complaint

Plaintiff now names the "Pistol Permit Licensing Officer for Oneida County;"

---

[3] There are ways to establish personal involvement articulated in *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986) (a supervisory official is said to have been personally involved if that official directly participated in the infraction; if after learning of a violation through a report or appeal, he or she failed to remedy the wrong; if he or she created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue; or if he or she were grossly negligent in managing subordinates who caused the unlawful condition or event).

4

and John Doe - Employee of the County Assigned to Pistol Permit Office Under Direction of Dan Sullivan. (Amended Complaint ("AC") at p.1) (Dkt. No. 7). Based upon the language that follows in the amended complaint, the court assumes that Dan Sullivan is the Pistol Permit Licensing Officer for Oneida County.

In the amended complaint, plaintiff has added statements to his description of the conversation with John Doe which indicate that plaintiff claims he was denied a concealed carry permit for racial reasons. (AC ¶¶ 6, 17). Plaintiff now claims that defendant Sullivan also gave Judge Michael Dwyer false information regarding plaintiff's application, and that the Judge did not grant plaintiff's application based upon defendant Sullivan's recommendation. (AC ¶¶ 7, 21). Finally, plaintiff attaches exhibits to his complaint in an effort to claim that he was treated differently than other individuals who were "similarly situated." (AC ¶¶ 24-27 & Exs.)

Although the amended complaint is not a model of clarity, plaintiff has attempted to cure the deficiencies in his original complaint, and it is sufficient to allow it to go forward, particularly because plaintiff has now paid the filing fee. However, the court makes absolutely no finding as to the eventual merits of his claims.

### III. John Doe Defendant

The court does note that one of the defendants is still being referred to as "John Doe." Although plaintiff may proceed at this time with a John Doe defendant, he will ultimately have to identify this individual so that the defendant may be served and

5

may respond to plaintiff's allegations.

In order to determine a defendant's identity, plaintiff may request discovery after the other defendant has been served and has appeared through counsel. Plaintiff must not submit these discovery request through the court and must initially try to determine the identity of the "John Doe" through discovery requests to defense counsel. Depending on when plaintiff determines the identity of the "John Doe" defendant, plaintiff may seek to amend his pleading to add the properly named defendant pursuant to FED. R. CIV. P. 15. Plaintiff is further advised that if the unnamed individual is not timely served, the action will be dismissed against him.

## IV. <u>Service</u>

Once plaintiff pays the filing fee, he is responsible for service of the summons, complaint, and General Order 25 materials on defendant. Rule 4 of the Federal Rules of Civil Procedure governs service of pleadings, and the plaintiff has been given the Pro Se Manual for reference. The Clerk of the Court will send plaintiff the appropriate materials, together with the Federal and Local Rules pertaining to service. The Local Rules of the Northern District of New York provide that service must be made within 60 days of the filing of the complaint,[4] and Rule 4 of the Federal Rules of Civil Procedure provides that if a defendant is not served within 120 days, the court

---

[4] In this case, the relevant date is the date that this order is filed because plaintiff could not have served the complaint or the amended complaint prior to this date.

must dismiss the action without prejudice or order that service be made within a specific period of time. Local Rule NDNY 4.1(b), Fed. R. Civ. P. 4(m).

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's amended complaint is accepted for filing, based upon his payment of the filing fee, and it is

**ORDERED**, that the Clerk shall issue a summons and forward it, along with a copy of the complaint and the General Order 25 materials to plaintiff for service on the named defendant. The Clerk shall forward a copy of the summons and complaint to the Oneida County Attorney, and it is

**ORDERED**, that when service has been completed, plaintiff must file proper proof of service pursuant to Local Rule NDNY 5.1(a). If necessary, plaintiff may submit a written request for extension of time within which to serve defendant, and it is

**ORDERED**, that a response to the complaint be filed by defendant or his counsel as provided for in the Federal Rules of Civil Procedure after service of process on the defendant, and it is

**ORDERED**, that all pleadings, motions and other documents relating to this action shall bear the number assigned to this case and shall be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a**

7

**party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be returned, without processing.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so will result in the dismissal of this action.** All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is further

**ORDERED**, that plaintiff take reasonable steps to ascertain the identity of the "John Doe" defendant, and then seek to amend the complaint to add the individual as a defendant in this action pursuant to FED. R. CIV. P. 15(a), and it is further

**ORDERED**, that the Clerk serve a copy of this Order on plaintiff by regular mail.

Dated: March 1, 2013

Hon. Andrew T. Baxter
U.S. Magistrate Judge